IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HERIBERTO GARCIA-RODRIGUEZ, ) | |
|     Petitioner, ) | Civil Action No. 7:18CV418 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| M. BRECKON, Warden, ) | By: Norman K. Moon |
|     Respondent. ) | United States District Judge |

Heriberto Garcia-Rodriguez, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent sought and received a stay from this court pending the Supreme Court's decision as to whether to grant the petition for certiorari in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (Dkt. Nos. 5, 7.) That stay was lifted in April 2019 (Dkt. No. 10), and respondent filed a motion to dismiss the petition (Dkt. No. 11). In it, respondent moves to dismiss the petition in its entirety, arguing that the court lacks jurisdiction over the petition. After receiving two extensions of time to respond (Dkt. Nos. 13-16), Garcia-Rodriguez filed a response to the motion to dismiss (Dkt. No. 17).

For the reasons set forth herein, I conclude that jurisdiction is lacking over Garcia-Rodriguez's § 2241 petition and will therefore dismiss it without prejudice.

I.

Garcia-Rodriguez is currently serving a life sentence imposed on April 16, 2004, by the District of Wyoming in *United States v Garcia-Rodriguez.*, Case No. 2:03-cr-00061-WFD-1 (D. Wyo. 2004). Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851 informing him that the government would seek an enhanced penalty, specifically a mandatory life sentence, based on two prior felony drug convictions: a 1992 conviction in the Fresno Superior Court, Fresno County, CA, for selling and furnishing cocaine and a 2000 conviction in

the Long Beach Superior Court, Los Angeles County, CA, for possessing or purchasing heroin for sale. (Dkt. No. 11-5 ¶¶ 23, 27.)

Garcia-Rodriguez raises a single claim in the petition: that neither of his prior state convictions were qualifying predicates for purposes of an enhancement under § 851[1] and that, therefore, he does not meet the requirements for an enhanced penalty. (Dkt. No. 1 at 6-7.)[2]

As I explain, Garcia-Rodriguez's claim is not properly before this court because it does not fall within the savings clause and cannot be brought in a § 2241 petition.

II.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In *Wheeler*, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied:

> (1) At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

[1] Section 851 provides, in relevant part, that:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . .

21 U.S.C. § 851; *see also* (Dkt. No. 1 at 24-25).

[2] Page citations refer to the pagination generated by the Court's electronic filing system ("ECF").

> (2) Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018) (applying *Wheeler*).  The *Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional.  *Wheeler*, 886 F.3d at 426.  Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the *Wheeler* test for the district court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *Id.* at 425–26, 29.

Respondent does not dispute that Garcia-Rodriguez has satisfied the first *Wheeler* factor. Accordingly, I conclude that Garcia-Rodriguez has met the first requirement.

Garcia-Rodriguez argues that he meets the second requirement as well, based on a subsequent change in law made retroactive to cases on collateral review.  (Dkt. No. 1 at 14, 15-16.)  He relies on the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and avers that "his alleged § 851 predicates are both legally ineligible in light of *Simmons* because he never could have received an aggravated term of imprisonment exceeding more than one year for each of his California prior convictions . . . ."  (Dkt. No. 1 at 17); *see also* (*id.* at 18 ("*Simmons* makes clear that Petitioner's priors does [sic] not qualify as 'felony drug offenses' because they were not punishable by more than one year of imprisonment. . . . Petitioner Rodriguez could not and did not receive a term of more than one year in prison for neither [sic] prior offense."); Dkt. No. 17 at 13).[3]

---

[3] A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct

3

> In *Simmons*, the Fourth Circuit held that:
>
> [I]n deciding whether a sentencing enhancement was appropriate under the Controlled Substances Act, a district court could no longer look to a hypothetical defendant with the worst possible criminal history. Instead, . . . a sentencing court may only consider the maximum possible sentence that the *particular* defendant could have received. Thus, what matters is the potential maximum sentence to which a defendant is exposed, not the highest possible sentence.

*Wheeler*, 889 F.3d at 420 (alteration in original) (internal citations omitted); *see also Simmons*, 649 F.3d at 244-45, 249-50. *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), concluded that "*Simmons* announced a new substantive rule that is retroactive on collateral review . . . ." *Id.* at 147.

*Simmons*, however, is inapplicable to Garcia-Rodriguez's claim. *Simmons* is a Fourth Circuit case involving a District of North Carolina sentence and North Carolina state law. *Simmons*, 649 F.3d at 240-41. Garcia-Rodriguez was sentenced in the District of Wyoming, (Dkt. No. 1 at 1), within the Tenth Circuit, 28 U.S.C. § 41, and the prior convictions on which his sentencing enhancement was based were California state convictions, (Dkt. No. 1 at 2, 16-17; Dkt. No. 11-5 ¶¶ 23, 27). While the Court applies the procedural law of the circuit in which the petition was filed, it must apply the substantive law of the circuit in which the petitioner was convicted. *Hahn v. Moseley*, 931 F.3d 295, 300-01 (4th Cir. 2019); *Ledzema-Rodriguez v. Brecken*, No. 7:18-cv-00268-JLK, 2019 WL 4644556, at * 2 (W.D. Va. Sept. 24, 2019) (quoting *Hahn*, 931 F.3d at 300-01). Therefore, in examining Garcia-Rodriguez's claim, I apply Tenth Circuit substantive law.

As respondent notes, Tenth Circuit law also changed subsequent to Garcia-Rodriguez's conviction. (Dkt. No. 11 at 8 (citing *United States v. Brooks*, 751 F.3d 1204 (10th Cir. 2014)). In *Brooks*, similar to *Simmons*, the Tenth Circuit held that "in determining whether a state

---

relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

offense was punishable by a certain amount of imprisonment, the maximum amount of time a *particular* defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received." *Brooks*, 751 F.3d at 1213; *see also United States v. Phelps*, No. 07-40051, 2014 WL 3928242, at *2 (D. Kan. Aug. 12, 2014) ("The *Brooks* decision instructs the district courts to look at the defendant's actual history and not assume the wors[t] case scenario when calculating whether a prior conviction is a felony."). The *Brooks* court discussed *Simmons* at length, as well as the Eighth Circuit's decision in *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011). *Brooks*, 751 F.3d at 1211-12. The Fourth, Eighth, and Tenth Circuit decisions followed the Supreme Court's opinion in *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 582 (2010) (holding, in immigration context, that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been convicted under § 1229b(a)(3) of a felony punishable as such under the Controlled Substances Act . . .") (internal quotation marks omitted); *see also id.* at 576 ("The text thus indicates that we are to look to the conviction itself as our starting place, not to what might have or could have been charged.").

The difference between *Simmons* and *Brooks*, for purposes of compliance with *Wheeler*'s requirements, is that while *Simmons* has been held to be retroactively applicable to cases on collateral review, *see Miller*, 735 F.3d at 147, it appears that *Brooks* has not, *see United States v. Robbins*, Criminal No. 10-310, 2016 WL 5858977, at *4 (D. Minn. Oct. 5, 2016) ("Since *Brooks* is not a Supreme Court opinion that created a new constitutional rule of criminal procedure, Robbins cannot invoke its holding to collaterally attack his sentence under § 2255(f)(3).") (internal quotation marks and alteration omitted);[4] *see also United States v. Mulay*, No. 01-

---

[4] Robbins subsequently brought a habeas petition pursuant to § 2241 in his district of confinement, arguing, among other things, that his previous conviction for drug trafficking in New Mexico no longer qualified as a predicate offense for enhancement of his sentence enhancement as a

40033-01, 2016 WL 107936, at *4 (D. Kan. Jan. 8, 2016) (noting that the defendant's claim relied on *Brooks* and denying COA because the claim was "no more than an effort to be resentenced under *Brooks*' new interpretation of punishable. At best, this is a non-constitutional sentencing error . . .") (internal quotation marks omitted). *But see United States v. Romero-León*, 622 Fed. App'x 712, 718 n.3 (10th Cir. 2015) (unpublished) (applying *Brooks* retroactively on direct appeal). Garcia-Rodriguez has pointed to no case holding that *Brooks* applies retroactively to cases on collateral review, and I am aware of none.

To the extent Garcia-Rodriguez relies on *Carachuri-Rosendo*, (Dkt. No. 17 at 12-13), his argument is foreclosed by the fact that the Fourth Circuit has held that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); *accord Phelps*, 2014 WL 3928242, at *2 ("[T]he Supreme Court has never explicitly ruled that *Carachuri* is retroactive, nor has the Tenth Circuit recognized it as such.").[5] Garcia-

---

career offender. *See Robbins v. Werlich,* No. 18-cv-145, 2018 WL 6724777, at *2 (S.D. Ill. Dec. 21, 2018). The court noted that Robbins had filed a § 2255 motion in the sentencing court (arguing that the statute only allowed a nine-year maximum penalty, thereby disqualifying it as a predicate felony drug offense under the Armed Career Criminal Act "ACCA")), which was denied as untimely but also on the merits. *Id.* at *3. The Southern District of Illinois rejected Robbins' argument regarding his previous conviction for drug trafficking. *Id.* at *4; *see also id.* at *3 ("[T]he argument that Brooks successfully pursued could have been raised by Robbins, had it occurred to him to do so, in his 2011 sentencing proceeding, in a direct appeal, and/or in a timely-filed Section 2255 motion. . . . Accordingly, Section 2255 was not inadequate or ineffective to permit Robbins to raise this claim."). However, the court denied the respondent's motion to dismiss without prejudice in order to allow the respondent to address arguments Robbins raised in his reply to the motion to dismiss. *Id.* at *4.

[5] *Phelps* found that "[e]ven though Petitioner claims the right[] asserted was announced in *Brooks*, the rule upon which he bases his motion must come from *Carachuri*, which . . . the Supreme Court decided on June 14, 2010. Because *Carachuri* was decided more than one year after the judgment was entered in this case, Petitioner's motion is untimely." *Phelps*, 2014 WL 3928242, at *3.

Rodriguez's statement that *Carachuri* "was deemed to apply retroactively on collateral review . . . , in *Miller v. United States*," (Dkt. No. 17 at 13), is incorrect. *Miller* held that *Simmons*, not *Carachuri*, was retroactive on collateral review. *Miller*, 735 F.3d at 147; *see also id.* ("*Simmons* did announce a substantive rule when it applied *Carachuri*'s principles and then narrowed the class of offenders and range of conduct that can be subject to punishment. This additional application and analysis distinguishes *Simmons* from *Carachuri*. In sum, even though *Powell* determined that *Carachuri* is a procedural rule that is not retroactive, this does not mean that *Simmons*, in applying *Carachuri*, did not announce a substantive rule that is retroactive.").

Garcia-Rodriguez cannot meet *Wheeler*'s second requirement. He points to no Supreme Court or Tenth Circuit case which changed substantive law subsequent to his direct appeal and first § 2255 motion <u>and</u> has been held to apply retroactively to cases on collateral review. *See Wheeler*, 886 F.3d at 429. Therefore, I cannot find that Garcia-Rodriguez has satisfied *Wheeler*'s second condition.

Having found that Garcia-Rodriguez does not satisfy the *Wheeler* test for seeking relief under the savings cause clause of § 2255(e), he does not qualify for sentencing relief under § 2241, and jurisdiction over his § 2241 petition is lacking. Accordingly, I will grant respondent's motion to dismiss and dismiss Garcia-Rodriguez's petition without prejudice for lack of jurisdiction.

An appropriate order will be entered.

**ENTER**: This 21st day of April, 2020.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE